IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alemayehu Getachew,

     Plaintiff,

  v.                           Case No. 2:11-cv-861

Columbus City Schools,

     Defendant.

OPINION AND ORDER

This is a civil rights action filed by plaintiff Alemayehu Getachew against defendant Columbus City Schools.  The complaint purports to assert claims against defendant for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the Equal Protection Clause of the Fourteenth Amendment stemming from the defendant's failure to hire plaintiff as a bus driver.  Plaintiff alleges that in refusing to hire him, defendant cited his lack of experience despite the fact that he had a commercial driver's license.

This matter is before the court on defendant's motion for summary judgment.  Defendant has moved to strike plaintiff's response to the motion for summary judgment as untimely.  Plaintiff, who is proceeding in this action pro se, stated that his response was late because he was out of state for forty-five days.  While this fact alone may not be sufficient to excuse the late filing, the court notes that its ruling on the defendant's motion for summary judgment would be the same regardless of whether plaintiff's response is considered.  Therefore, the motion to strike will be denied.

I. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, by showing that the materials cited do not establish the absence or presence of a genuine dispute, or by demonstrating that an adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(A) and (B).  In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

The moving party has the burden of proving the absence of a genuine dispute and its entitlement to summary judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden of showing the lack of a genuine dispute can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial.  Id.  Once the moving party meets its initial burden, the nonmovant must set forth specific facts showing that there is a genuine dispute for trial.  Id. at 322 n. 3.  "A dispute is 'genuine' only if based on evidence upon

which a reasonable jury could return a verdict in favor of the non-moving party." Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 298 (6th Cir. 2008). A fact is "material" only when it might affect the outcome of the suit under the governing law. Id; Anderson, 477 U.S. at 248.

The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts[.]" Matsuchita, 475 U.S. at 586. A mere scintilla of evidence is not enough. Anderson, 477 U.S. at 252; Ciminillo v. Streicher, 434 F.3d 461, 464 (6th Cir. 2006). Further, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. See Fed. R. Civ. P. 56(c)(3)(noting that the court "need consider only the cited materials").

## II. Legal Status of Defendant

Defendant first argues that it is entitled to summary judgment because it is not an entity which can be sued under Ohio law. Ohio Rev. Code §3313.17 states, "The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued[.]" Ohio courts have held that a school district is not sui juris; rather, it is the board of education which must be sued. See Eppley v. Tri-Valley Local School Dist., No. CT2007-0022 (5th Dist. unreported), 2008 WL 77471 (Ohio App. Jan. 3, 2008), rev'd on other grounds, 122 Ohio St.3d 56 (2009); Carney v. Cleveland Heights-University Heights City School Dist., 143 Ohio App.3d 415, 424, 758 N.E.2d 234 (2001); Catchings v. Cleveland Public Schools, NO. 43730 (8th Dist. unreported), 1982 WL 5261 at *3 n. 2 (Ohio App. April 1, 1982); see also Wortham

3

v. Akron Public Schools, No. 5:08CV233, 2008 WL 762530 at *2 (N.D.Ohio March 20, 2008)(dismissing federal claims under §1983 and Title VII against the Akron Public Schools "because it is not sui juris").  Since defendant is not sui juris or an entity capable of being sued, defendant is entitled to summary judgment on all of plaintiff's claims in this civil action.

III. Title VII Claim

Defendant has also moved for summary judgment on plaintiff's Title VII claim on the ground that plaintiff's complaint was not timely filed.  Pursuant to 42 U.S.C. §2000e-f(f)(1), a complaint alleging Title VII violations must be filed no later than ninety days after the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission.  This time limit is not jurisdictional, and is subject to equitable tolling.  Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

In the instant case, the right-to-sue letter was mailed to plaintiff on June 15, 2011.  There is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue. Banks v. Rockwell Int'l North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988).  Plaintiff has provided no evidence that he did not receive the letter within five days.  Counting the extra five days, the ninety-day period in this case expired on September 19, 2011.  Plaintiff's complaint was filed with the clerk of this court on September 26, 2011, a week late.[1]

---

[1] It is arguable that the effective date of filing was even later. Plaintiff's motion for in forma pauperis (IFP) status was not filed until October 27, 2011, and was granted on October 28, 2011.  "[I]t is proper for a district court to deem a complaint 'filed' only when IFP status is granted ... rather than at the time a complaint is delivered to the clerk of a court."  Truitt, 148 F.3d at 648.

Plaintiff argues that the filing date should be the date the complaint was placed in the mail.  Plaintiff has offered no evidence of when that occurred.  In any event, under Fed.R.Civ.P. 3, a civil action is instituted only by "filing a complaint with the court."  When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk, and papers arriving after a deadline are untimely even if mailed before the deadline.  Strickland v. Wayne Farms-Southland Hatchery, 132 F.Supp.2d 1331, 1333 (M.D.Ala. 2001); Clark v. Milam, 152 F.R.D. 66, 69 (S.D.W.Va. 1993).

The time limits for filing a Title VII action are subject to equitable tolling.  Truitt, 148 F.3d at 648.  However, plaintiff has offered no evidence which would establish grounds for equitable tolling in this case.  The right-to-sue letter under the heading "NOTICE OF SUIT RIGHTS" specifically advised plaintiff that a lawsuit under Title VII must be filed within ninety days of plaintiff's receipt of the notice.  Plaintiff thus had notice of the filing requirement and was not diligent in pursuing his rights. Plaintiff's only argument is that because he is "a lay" the court "can exercise [a] liberal position."  However, pro se status does not excuse noncompliance with procedural rules in civil litigation. In re: G.A.D., Inc., 340 F.3d 331, 335 (6th Cir. 2003); see also McNeil v. United States, 508 U.S. 106, 113 (1993))(noting that the Supreme court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  Therefore, plaintiff's pro se status alone is insufficient to warrant equitable tolling. Defendant's motion for summary judgment on the Title VII claims on the ground of failure to comply with the limitations period is well

taken.

IV. Equal Protection Claim

Defendant has also moved for summary judgment on plaintiff's equal protection claim, arguing that plaintiff has failed to show that he has standing to assert this claim because he has not alleged that he was treated differently by defendant than any similarly-situated non-protected individuals.

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits discrimination by government which intentionally treats one differently than others similarly situated without any rational basis for the difference. Johnson v. Bredesen, 624 F.3d 742, 746 (6th Cir. 2010). The framework applied to Title VII claims by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) also applies to plaintiff's equal protection disparate treatment claim under §1983. Arendale v. City of Memphis, 519 F.3d 587, 603 (6th Cir. 2008). Plaintiff must prove that he was the victim of intentional or purposeful discrimination by either direct or circumstantial evidence. Abdulnour v. Campbell Soup Supply Co., LLC, 502 F.3d 496, 501 (6th Cir. 2007). In the absence of direct evidence of discrimination, plaintiff must set forth a prima facie case of discrimination by showing (1) that he belongs to a protected minority; (2) that he applied for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that after his rejection, the position remained open and the employer continued to seek applicants. McDonnell Douglas Corp., 411 U.S. at 802.

In his unverified complaint, plaintiff makes vague and conclusory allegations stating his own personal beliefs concerning

6

defendant's hiring practices.  However, the complaint fails to allege facts sufficient to state an equal protection violation.  In response to defendant's motion for summary judgment, plaintiff has offered no evidence that he was a member of a protected minority or that similarly-situated non-minority job applicants with similar or lesser qualifications were treated differently.  Defendant is entitled to summary judgment on the ground that plaintiff has failed to adequately plead an equal protection violation or to produce evidence sufficient to demonstrate the existence of a genuine dispute regarding that claim.

V. Conclusion

In accordance with the foregoing, defendant's motion to strike (Doc. 14) is denied.  Defendant's motion for summary judgment (Doc. 12) is granted.


Date: March 8, 2012                          s/James L. Graham
                                       James L. Graham
                                       United States District Judge

7